**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 14, 2006[*]
Decided August 3, 2006

**Before**

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-2684

| | |
|---|---|
| TITUS HENDERSON,<br> *Plaintiff-Appellant,*<br><br> *v.*<br><br>MATTHEW J. FRANK and GERALD<br>A. BERGE,<br> *Defendants-Appellees.* | Appeal from the United States District Court for the Western District of Wisconsin<br><br>No. 04-C-0039-C<br><br>Barbara B. Crabb,<br>*Chief Judge.* |

**O R D E R**

Wisconsin inmate Titus Henderson sued his warden and the head of the Wisconsin prison system under 42 U.S.C. § 1983. He claims that they violated the Establishment Clause by (1) broadcasting Christian programming on the prison's television network and (2) denying him parole and other privileges for not

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

participating in a Christian behavior-modification program. The district court dismissed two additional claims for failure to exhaust, a decision that Henderson does not challenge on appeal, and granted summary judgment in favor of the defendants on the Establishment Clause claim. We affirm.

Henderson, who is a Taoist, is confined at the Wisconsin Secure Program Facility (WSPF); the facility employs a five-level security program in which inmates demonstrating good behavior are promoted to successively higher levels and receive increased privileges. Henderson entered WSPF at Level 1 and since that time has periodically moved between Level 1 and Level 3, depending on his behavior. Henderson was denied parole in December 2003 because he had "major misconduct difficulties" including a serious battery committed against another inmate. The parole commissioner noted at the time, however, that Henderson had "successfully completed all recommended programming, and more."

WSPF inmates can watch television at various times. Inmates have access to five video channels and two audio channels from the prison's satellite-television provider and six in-house channels. Before March 2004, one of the satellite channels was the Eternal Word Television Network ("EWTN"), a 24-hour Christian-oriented channel. On March 1, 2004, WSPF stopped providing EWTN, but prisoners continued to have access to various religious programs, including Taoism, on two of the in-house channels. Other channels included CNN News, PBS Local, and the Discovery Channel. Inmates have no say in the programming choices, but may change channels or turn off their televisions at any time as they please.

The district court requested that Henderson provide documentary evidence that he was denied parole for failing to complete a Christian-oriented course of instruction. Henderson responded by asserting that in addition to being denied parole, he received negative remarks which prevented both his advancement in the level system and his transfer to a less-restrictive prison. Henderson did not provide documentary evidence that these denials resulted from his refusal to submit to Christian programming.

The district court then applied the three-part test laid out in *Lemon v. Kurtzman*, 403 U.S. 602 (1971). Under *Lemon*, a state action violates the Establishment Clause if (1) it does not have a secular purpose; (2) its primary effect is to advance or inhibit religion; or (3) it fosters an excessive entanglement with religion. *Id.* at 612-13; *see Kaufman v. McCaughtry*, 419 F.3d 678, 683 (7th Cir. 2005). The district court determined that in light of the financial constraints of the facility, the number of channels devoted to non-Christian and non-religious programming, and each inmate's ability to change channels or turn off his television, one could not infer any institutional preference for Christianity.

On appeal Henderson repeats his argument that as a result of his refusal to participate in a Christian study program the prison denied him parole and refused to change his level classification or transfer him to a less-restrictive prison. As the district court recognized, if the defendants had in fact denied Henderson these benefits based on his refusal to complete a prescribed course of Christian study, they would have violated the Establishment Clause. *See e.g., Kerr v. Farrey*, 95 F.3d 472, 479-80 (7th Cir. 1996) (inmate could not be forced, under threat of being rated a higher security risk and suffering adverse effects that might affect his chances for parole, to participate in treatment program referring to "God" in its treatment approach); *Warner v. Orange County Dep't of Prob.*, 115 F.3d 1068, 1075-76 (2d Cir. 1996) (government agency could not condition plaintiff's criminal probation on his participation in Alcoholics Anonymous program with substantial religious content).

But Henderson never provided any evidence that he was denied parole, advancement through the level system, or a transfer for refusing to complete a behavior modification program. In fact, Henderson's parole-denial form states that he was denied parole based on his misconduct in prison. Henderson points to affidavits from other inmates as support for his claim, but those prisoners state only that they were offended by the Christian programming because it attempted to convert viewers to Christianity and disparaged non-Christian religions. The inmates say nothing about being denied parole, a higher security classification, or transfer based on their refusal to watch Christian programming.

To the extent that Henderson argues that the defendants favored Christian views by having previously provided a satellite channel at WSPF devoted exclusively to Christian programming and not similar channels for other religions, his claim also fails. Although the Establishment Clause prohibits the government from favoring one religion over another, *see Kaufman,* 419 F.3d at 683, that Clause does not require a prison to provide identical worship opportunities for every religious sect or group, *see Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972) (per curiam); *Young v. Lane*, 922 F.2d 370, 377 (7th Cir. 1991). A prison is required only to afford all prisoners "reasonable opportunities" to exercise their religious freedom. *Cruz,* 405 U.S. at 322 n.2. WSPF provided non-Christian and non-religious television programming in addition to the Christian programming. It also provided a variety of other religious accommodations, including library books related to the Taoist religion. Further, there is no evidence that WSPF forced or even encouraged Henderson to watch Christian programming; inmates could change the channel or turn off their televisions at any time. As a result, WSPF has not violated the Establishment Clause. *See Freedom from Religion Found., Inc. v. McCallum*, 324 F.3d 880, 882-83 (7th Cir. 2003) (no violation of Establishment Clause where inmate could choose between religious-themed or secular halfway house); *Tanford v. Brand*, 104 F.3d 982, 985-86 (7th Cir. 1997) (religious invocation at public-

university graduation ceremony not violation of Establishment Clause because participants were free to enter or leave at any time).

AFFIRMED.